## CHARLES WEBER, (FOR THE USE OF THE JERSEY CITY INSURANCE COMPANY,) v. THE MORRIS AND ESSEX RAILROAD COMPANY.

1. What facts must be stated in declaring against a railroad company for burning buildings by careless use of engines.
2. Where buildings are burned by actionable negligence of a railroad company, the owner may recover his entire loss from such company, notwithstanding the insurance office in which the buildings are in-

Weber v. Morris and Essex R. R. Co.

sured has paid him the amount of the insurance. After recovery, the plaintiff will hold for the insurance company such portion of the amount recovered as they have paid him.

3. Statement in the declaration of payment by the insurance company is unnecessary, and may be rejected as surplusage.

4. The declaration should conclude to the damage of the plaintiff, and not to the damage of the insurance company. If it concludes to the damage of the latter, it must be treated as a declaration without the conclusion "*ad damnum*," and nominal damages only can be recovered.

This is an action on the case brought by Weber, who sues for the benefit of the Jersey City Insurance Company, against the Morris and Essex Railroad Company, to recover damages for loss of property occasioned by the improper and negligent use of their locomotive engines.

The declaration contains three counts, to which defendants have put in a general demurrer.

Argued on written briefs, at November Term, 1871, before the CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL, and WOODHULL.

For plaintiff, *C. Borcherling*.

For defendants, *Thomas N. McCarter*.

VAN SYCKEL, J. The declaration contains three counts, to which there is a general demurrer.

The first count alleges that the plaintiff was the owner, in April, 1867, of a dwelling-house, and certain personal property therein, of the value of $4000, on which there was an insurance in the Jersey City Insurance Company against loss by fire, in the sum of $800; that the railroad of the defendants was adjacent to said house, and that it was the duty of the defendants to use, maintain, and operate their locomotive engines in such manner as to avoid, and by all practicable means to prevent, the communication of fire therefrom to any property of whatever description, of any owner or occupant of

any land adjacent or near to said railroad; that through and by reason of the careless, negligent, and improper and unskillful management by the defendants of such engines, fire was communicated therefrom to the plaintiff's house, and said house, and all the personal property therein, wholly consumed, by means whereof the said insurance company were compelled to pay, and did pay, to the plaintiff, the whole amount of the insurance money aforesaid. The declaration concludes, "to the damage of the said Jersey City Insurance Company, $1,600."

The first ground of demurrer is that no actionable negligence is imputed to the defendants.

The position taken by the defendants is—

*First.* That the statute (*Nix. Dig.* 794, *pl.* 40,) defines the duty of persons using locomotives to be, "to take and use all practicable means to prevent the communication of fire," and that the want of an averment in the language of the statute that they did not take and use all such practicable means, is fatal to the declaration.

*Secondly.* That the rules of pleading require a statement of facts and circumstances which show culpable negligence, and that the absence of such statement is not supposed, by the use of the words "carelessly and negligently."

This statute is declaratory of the common law; the duty of using all practicable means to prevent the communication of fire rested upon the company before its passage, and it furnishes no immunity to persons who occasion injury by the careless and negligent use of locomotive engines.

Such negligence is as actionable since as it was before this enactment, and, if proved, will constitute sufficient foundation for recovery.

The averment that "the defendants so carelessly, negligently, improperly, and unskillfully managed, directed, and controlled said locomotive engines, and the fire therein contained, that by and through the carelessness, recklessness, and improper management and conduct of the defendants, sparks of fire and igneous matter flew out of said engines into and upon the

plaintiff's house, and caused the same to be consumed," expresses with reasonable certainty the tortious acts which are the gravamen of this suit.

This form of stating the grievance was adopted in *Burroughs* v. *The Houstanic Railroad*, 15 *Conn.* 124, and is used in other cases where the injury to be redressed is the consequence of actionable negligence.    2 *Chitty's Pl.* 282.

*The Stephens & Condit Transportation Company* v. *The Central Railroad Company*, 4 *Vroom* 229, is relied upon in support of this demurrer.    The basis of action disclosed by the declaration in that case was, that the bridge complained of was erected wrongfully and injuriously, and that the defendants unlawfully drove piles into the ground under the water of the bay, and unlawfully obstructed the channel.

The bridge being constructed under a public act of which the court would judicially take notice, it appeared that the railroad company had a right to erect the structure, and there was no allegation to show that their authority had not been exercised in strict accordance with the grant.    The statement and they wrongfully and injuriously erected the bridge, and unlawfully drove piles, was not sufficient to put the defendants to their plea, when a public act gave them full power to drive piles and erect a bridge.    So far as appeared from the record, no unauthorized act had been committed.    Such an allegation could no more constitute an actionable offence than an averment that the defendant, having leave and license to enter the plaintiff's close, unlawfully entered it, without stating any circumstances to show an abuse of the license.

But in the case now submitted, the defendants are charged with careless, negligent, and unskillful use and management of their locomotives, and therefore between this and the case in 4 *Vroom*, there is no parallel, unless it shall be insisted that the railroad company may lawfully be careless and negligent.

The second ground of demurrer is, that the plaintiff shows that he has no cause of action, by averring that the damages for which this suit is brought were paid to him by the insu-

rance company in pursuance of their contract, and the declaration concludes to the damage of the insurance company, and not to the damage of the plaintiff.

Notwithstanding such payment, an action will lie by the insured against the railroad company. The insurance is to be treated as a mere indemnity, and the insured and insurer regarded as one person; therefore payment by the insurer before suit brought, cannot affect the right of action.

In *Mason* v. *Sainsbury*, reported in 3 *Douglass* 61, suit was brought on the riot act to recover damages for the demolition of a house in the riots of 1780. The property having been insured in a fire office, which paid the loss, the action was in the name of the insured, for the benefit of the insurance office.

Lord Mansfield held that payment by the insurer was not in case of the Hundred, and not as co-obligors, and that the case must be considered as if not a farthing had been paid. "He likened it to the case of abandonment in marine insurance, where the insurer is constantly put in the place of the insured."

Chief Justice Abbott, in citing the case of *Mason* v. *Sainsbury*, in *Clark* v. *The Inhabitants of the Hundred of Blything*, 2 *Barn. & Cress.* 254, says he could not entertain any doubt of its propriety; and he held that where the owner of certain stacks of hay and corn, which were maliciously set on fire, received the amount of his loss from the insurance office, he might, nevertheless, maintain his action against the Hundred.

In *Yates* v. *Whyte*, 4 *Bing. N. R.* 272, which was the case of a collision at sea, the plaintiff recovered his whole loss, notwithstanding his prior recovery of a portion of it from the underwriters, the court saying that the plaintiff would hold in trust for the underwriters such portion as they had paid him.

These cases are referred to, and their authority recognized, by Chief Justice Shaw, in *Hart* v. *The Western Railroad Company*, 13 *Met.* 99; and in the *Monmouth Fire Insurance Company* v. *Hutchinson*, 6 *C. E. Green* 107, this rule is said to be settled.

The action, therefore, will not be defeated by the statement in the declaration of the contract of insurance and payment of the loss by the insurer, although such statement is unnecessary, and may be rejected as surplusage.

The conclusion to the damage of the insurance company must be rejected. The plaintiff cannot recover the damages of the insurance company; he recovers the entire loss as his own damage, and the declaration should have concluded to the damage of the plaintiff.

This pleading is therefore without the conclusion *ad damnum*. It is clear that under a declaration so constructed, no substantial damages can be recovered. Will this omission exclude the recovery even of nominal damages? The law implies all the damages which naturally flow from a tortious act, and they may be recovered without being specifically stated in pleading, but the plaintiff cannot recover in excess of the sum he claims.

The declaration discloses a statement of facts from which the law will imply that damage has resulted. The purpose of the conclusion " to the damage," is to give notice to the defendant of the extent of the plaintiff's claim, and where there is an entire absence of such conclusion, it may be treated as notice to the defendant that nominal damages only will be insisted upon.

In my opinion, the declaration as framed, will support a recovery for nominal damages, and therefore the demurrer cannot prevail. The demurrer being general, the other counts need not be considered.

If the plaintiff desires to amend, no costs should be allowed on this demurrer.

The CHIEF JUSTICE and Justice DEPUE concurred.